Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Sara Pezeshkpour (State Bar No. 260240)
spezeshkpour@blackstonepc.com
Noam Y. Reiffman (State Bar No. 299446)
nreiffman@blackstonepc.com
Marissa A. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Fax: (855) 786-6356

Attorneys for Plaintiff TONY RAMIREZ
individually, and on behalf of others similarly
situated employees and Aggrieved Employees
pursuant to the California Private Attorneys General Act

*[Additional Counsel on Following Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RAMIREZ, individually, and on behalf of other similarly situated employees<br><br>Plaintiff,<br><br>vs.<br><br>DICK'S SPORTING GOODS, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants, | Case No.: 3:26-cv-00260-RS<br>(Removed from Alameda Superior Court Consolidated Case Nos. 25CV124393 and 25CV134073)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference: 4/23/26<br>Time: 10:00<br><br>Complaint Filed: May 23, 2025<br>Removal: January 9, 2026<br>Trial Date: None Set |

SMRH:4928-9675-0750.2

-1-

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
PAUL S. COWIE, Cal Bar No. 250131
AMANDA E. BECKWITH, Cal Bar No. 312967
TATUM NOVITZKY, Cal Bar No. 359569
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      415.434.9100
Facsimile:      415.434.3947
Email:          pcowie@sheppardmullin.com
                abeckwith@sheppardmullin.com
                tnovitzky@sheppardmullin.com

Attorneys for Defendant DICK'S SPORTING GOODS, INC.

SMRH:4928-9675-0750.2

-2-

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Order setting the Initial Case Management Conference (Dkt. 4), Plaintiff TONY RAMIREZ ("Plaintiff"), individually, and on behalf of other similarly situated employees and Aggrieved Employees pursuant to the California Private Attorneys General Act ("PAGA") and Defendant DICK'S SPORTING GOODS, INC. ("Defendant"), through their respective counsel of record, submit this Joint Case Management Statement in advance of the Initial Case Management Conference scheduled for April 23, 2026.

## I.    JURISDICTION AND SERVICE

### A.    Plaintiff's Position

All named parties in the case have been served.

On January 9, 2025, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Plaintiff does not presently intend to challenge this Court's jurisdiction. However, Plaintiff reserves the right to do so at a later date if newly discovered facts or evidence is uncovered that render jurisdiction in this Court improper.

### B.    Defendant's Position

Defendant removed this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sections 1332(d), 1441, 1446, and 1453.  Defendant contends that for the purposes of Defendant's motion to compel arbitration, this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. Sections 1332(d), 1441, 1446, and 1453, because it is a proposed class action, minimal diversity of citizenship is present, there are over 100 proposed class members, and the amount in controversy exceeds $5,000,000.  Notwithstanding this Court's subject matter jurisdiction, Defendant contends that Plaintiff's claims must be resolved in arbitration on an individual basis pursuant to an arbitration agreement he signed.  Defendant is not aware of any additional parties.

## II.    FACTS

### A.    Plaintiff's Position

Defendant is a sporting goods retailer. Plaintiff worked for Defendant as an employee in Defendant's footwear department from approximately October 2024 to May 2025. On May 23, 2025,

Plaintiff filed a wage and hour class action complaint against Defendant in Alameda Superior Court, alleging that Defendant failed, among other things, to provide him and putative class members with compliant meal and rest breaks, pay meal and rest break premiums, reimburse necessary business expenses, provide a day's rest in seven, and pay appropriate minimum and overtime wages. Plaintiff also asserted derivative claims for wage statement violations, failure to timely pay wages and final wages, and unfair and illegal business practices.

On July 28, 2025, Plaintiff filed a separate action against Defendant in Alameda Superior Court alleging a single cause of action under the California Private Attorney's General Act (the "PAGA Action"), based on the same alleged violations. On December 23, 2025, the superior court consolidated the two actions. Defendant then subsequently removed the action to this Court.

Plaintiff seeks to represent a putative class consisting of Defendant's current and former non-exempt and/or hourly paid California employees who were employed at any time from May 23, 2021 to final judgment for their wage and hour claims,[1] as well as the State of California and all individuals who worked for Defendant in the State of California as hourly-paid and/or non-exempt employees at any time from May 23, 2024 through final judgment ("Aggrieved Employees") for their PAGA claims.

Plaintiff denies that an agreement to arbitrate exists and/or is enforceable. Plaintiff requested that Defendant provide native metadata to support its position that the claimed arbitration agreement – which contains no date or signature of Plaintiff – was electronically acknowledged by Plaintiff, however Defendant has declined to do so.

**B.      Defendant's Position**

Defendant denies the factual allegations set forth by Plaintiff and denies that this case can or should proceed as a class action.  Plaintiff signed a binding and enforceable agreement to individually arbitrate all of his claims.  Therefore, resolution of Plaintiff's claims must proceed through binding individual arbitration in accordance with the agreement Plaintiff signed.  Defendant requested that

---

[1] Plaintiff reserves the right to modify the proposed class definitions prior to filing his motion for class certification.

Plaintiff stipulate to arbitration to avoid unnecessary motion practice; instead, Plaintiff's counsel has demanded production of metadata in an effort to challenge the agreement.  Defendant disputes that any such metadata is necessary to establish that the agreement was executed or is enforceable.  Given Plaintiff's refusal to arbitrate his claims in accordance with his contractual obligations, Defendant intends to file a motion to compel arbitration and seek a stay of this action pending arbitration.

### III.   LEGAL ISSUES

#### A.   Plaintiff's Position

The key legal issues in this action include whether and to what extent Plaintiff and/or putative class members received all overtime wages [Cal. Labor Code §§ 510, 1198], minimum wages [Cal. Labor Code §§ 1197, 1197.1], one day's rest in seven [Cal. Labor Code §§ 551, 552], meal periods as or if required by law [Cal. Labor Code § 226.7], rest periods as or if required by law [Cal. Labor Code § 226.7], accurate wage statements [Cal. Labor Code § 226(a)], timely wages during employment [Cal. Labor Code § 204], timely final wages [Cal. Labor Code §§ 201, 202, and 203], and were properly reimbursed for business expenses [Cal. Labor Code §§ 2800, 280]. Additional legal issues include whether Defendant's conduct constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq.*, and whether Defendant willfully failed to pay all wages due to Plaintiff and the putative class.

Additional legal issues include whether class certification is proper.

Further, Defendant contends that Plaintiff and Defendant entered into an arbitration agreement. Plaintiff disputes that an arbitration agreement was entered and intends to challenge the existence and/or enforceability of any such agreement.

#### B.   Defendant's Position

The primary disputed legal issues are: (1) whether Plaintiff's claims are subject to individual arbitration pursuant to his binding and enforceable arbitration agreement; (2) whether Defendant appropriately compensated Plaintiff for all hours worked; (3) whether Plaintiff's derivative claims for improper wage statements, payment of wages during employment, and payment of wages due at separation of employment have merit; (4) whether Plaintiff was reimbursed for expenses necessarily

SMRH:4928-9675-0750.2

incurred in the discharge of their duties; and (5) whether Plaintiff has standing to pursue a claim under PAGA.

## IV. MOTIONS

### A. Plaintiff's Position

Plaintiff intends to file a motion for class certification after initial fact discovery is completed. In addition, Plaintiff contemplates bringing one or more motions for judgment on the pleadings, summary judgment, or partial summary judgment if the facts and circumstances warrant.

Plaintiff understands that Defendant contends that Plaintiff and Defendant entered into an arbitration agreement. In the event Defendant files a motion to compel arbitration, Plaintiff intends to challenge the existence and/or enforceability of any such agreement. Plaintiff denies that an agreement to arbitrate exists and/or is enforceable. Plaintiff requested that Defendant provide native metadata to support its position that the claimed arbitration agreement – which contains no date or signature of Plaintiff – was electronically acknowledged by Plaintiff, however Defendant has declined to do so.

### B. Defendant's Position

Plaintiff signed a binding and enforceable arbitration agreement to individually arbitrate his claims.  Defendant has asked Plaintiff to stipulate to arbitration to avoid unnecessary litigation expense, but Plaintiff's counsel has instead demanded production of metadata purportedly to challenge the agreement.  Defendant does not agree that such metadata is necessary to prove that the agreement was signed or enforceable.  Defendant intends to file a motion to compel individual arbitration of each of Plaintiff's claims and seek a stay of this action pending arbitration.

Further, Defendant reserves the right to file any other motions.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff's Position

Plaintiff does not intend to amend their pleadings at this point, with the exception that Plaintiff reserves the right to modify the proposed class definitions as Plaintiff continues his investigation and prior to filing his motion for class certification.

### B. Defendant's Position

Defendant intends to file motion to compel individual arbitration of each of Plaintiff's claims

SMRH:4928-9675-0750.2

-6-

and seek a stay of this action pending arbitration.  Accordingly, Defendant does not presently anticipate seeking leave to amend its responsive pleading or to add parties; however, Defendant reserves the right to modify its pleadings.

## VI.    EVIDENCE PRESERVATION

### A.    Plaintiff's Position

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiff acknowledges his duty to preserve relevant documents in accordance with the relevant rules and case law.

### B.    Defendant's Position

Defendant has reviewed the ESI Guidelines.  Defendant acknowledges its duty to preserve relevant documents in accordance with the relevant rules and case law.

## VII.    DISCLOSURES

### A.    Plaintiff's Position

Plaintiff served his initial disclosures on April 1, 2026, pursuant to the January 12, 2026 Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 12), preliminarily identifying potential witnesses and documents. Plaintiff will need to conduct discovery before being able to provide a reliable computation of damages.

### B.    Defendant's Position

Defendant contends that all discovery must proceed before and be managed by an arbitrator pursuant to the arbitration agreement Plaintiff signed.  Defendant provided Plaintiff's Counsel with a copy of the arbitration agreement on June 13, 2025, and further inquired as to whether Plaintiff's Counsel would stipulate to arbitration on February 11. 2026.  Plaintiff only just advised in this joint statement that Plaintiff will not stipulate to arbitration.  As such, Defendant intends to file a motion to compel individual arbitration of Plaintiff's claims.  Initial Disclosures should not be served until after the threshold arbitration and jurisdictional issues have been decided.

## VIII.    DISCOVERY

Neither Plaintiff nor Defendant have propounded formal discovery.

SMRH:4928-9675-0750.2

### A.    Plaintiff's Position

Plaintiff understands that Defendant objects to proceeding with discovery based on its intent to proceed with a motion to compel arbitration. Plaintiff intends to oppose that motion, if filed.

Plaintiff intends to propound written discovery seeking, *inter alia*, class member identities, contact information, and time and pay records.  Plaintiff proposes that the Parties conduct a notice procedure as described in *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554 (2007) to the extent Defendant asserts privacy objections.

Plaintiff further intends to propound discovery regarding Defendant's policies, practices and procedures for providing employees meal and rest breaks, scheduling shifts, calculation of regular rate, calculation and provision of overtime pay, and reimbursing employees for work related to expenses, etc.

Plaintiff further intends to notice the depositions of Defendant's Person(s) Most Knowledgeable on topics related to the claims alleged and the policies and practices implemented during the class period, and Plaintiff's direct supervisors. Plaintiff does not anticipate deposing putative class members, but reserve the right to do so, particularly if Defendant utilizes putative class member declarations in support of any Court filing, or otherwise. Further discovery may be propounded thereafter depending on the testimony from individuals deposed.

Plaintiff does not believe that the discovery should be conducted in phases or otherwise limited.

Plaintiff is also willing to engage in the exchange of informal discovery in the context of mediation.

### B.    Defendant's Position

Defendant contends that all discovery must proceed before and be managed by an arbitrator pursuant to the arbitration agreement Plaintiff signed.  Defendant intends to file a motion to compel individual arbitration of Plaintiff's claims.  Thus, Defendant proposes that all discovery (including initial disclosures) be stayed pending the Court's ruling on its motion to compel arbitration, to avoid unnecessary burden and expense.  Should the Court determine that this action shall proceed in this forum, the parties can thereafter meet and confer regarding the appropriate scope, limitations, and

sequencing of discovery.

In the unlikely event Defendant's motion to compel arbitration is denied, discovery should be phased, with class certification discovery to be completed prior to the hearing on Plaintiff's motion for class certification, and merits discovery only after a decision on class certification.

Defendant reserves the right to serve written discovery on Plaintiff, including Interrogatories, Requests for Production of Documents, and Requests for Admission.  Defendant also reserves the right to take Plaintiff's deposition, and the depositions of any potential third party witnesses, including putative class members..

## IX.    CLASS ACTIONS

### A.    Plaintiff's Position

Plaintiff contends that this action satisfies the prerequisites for class actions under Fed. R. Civ. P. 23(a). Plaintiff further contends that this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and/or (b)(3). Plaintiff seeks to represent a class of all current and former hourly-paid and/or non-exempt employees who worked for Defendant in the State of California at any time during the period from four years prior to the date of the filing of the original complaint through final judgment. Plaintiff also seeks to represent a sub-class of all former hourly-paid and/or non-exempt employees who worked for Defendant in the State of California at any time during the period from four years prior to the date of the filing of the original complaint through final judgment. Plaintiff also reserves the right to establish additional subclasses as appropriate.

Plaintiff contends that Defendant's employment practices included, among other things, requiring Plaintiffs and the proposed class to perform off-the-clock work, interrupting meal and rest periods by requiring unpaid work to be performed, failing to pay meal and rest break premiums when due, failing to provide a day's rest in seven days, and failing to reimburse expenses, as well as standard derivative violations stemming therefrom.  Plaintiff alleges that the claimed violations occurred on a class-wide basis. Thus, Plaintiff contends that the questions of law and/or fact common to all class members predominate over questions affecting only individual members, as they do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member. Further, Plaintiff contends that any final injunctive relief would

be appropriate respecting the class as a whole. Finally, because Plaintiff alleges that the claimed violations occurred across the proposed class, Plaintiff contends that individualized litigation would present the potential for varying, inconsistent, and/or contradictory judgments, and create delay and expense to individuals and the court system. Plaintiff contends that a class action would enable a fair and efficient adjudication and protect the rights of putative class members. Plaintiff expects to discover further facts showing that Plaintiff is entitled to maintain this action as discovery commences and upon review of Defendant's policies and time and pay records.

Timing for class certification will be affected by whether the Parties agree to private mediation and informal discovery. In the event that the Parties agree to mediation and the production of informal discovery, one potential issue is the ability to secure an early mediation date. Most of the experienced mediators in the class action employment wage and hour field are booked through the later months of 2026. If mediation is conditioned on a stay of formal discovery, then it will take Plaintiff time to complete the discovery necessary to file his motion for class certification in the event the mediation is unsuccessful.  Plaintiff has proposed pretrial scheduling dates to account for this possibility.

Counsel has reviewed the Procedural Guidance for Class Action Settlements

**B.      Defendant's Position**

Defendant denies that this case is suitable for class certification.

Defendant also intends to file a motion to compel arbitration, which presents a threshold issue that should be resolved before the parties expend resources on merits or class-related discovery, mediation, or scheduling assumptions tied to class certification.  Defendant contends that the Parties will not be in a position to meaningfully set class-certification deadlines until after Defendant's motion to compel arbitration is decided.

Counsel has reviewed the Procedural Guidance for Class Action Settlements.

**X.      RELATED CASES**

**A.      Plaintiff's Position**

Plaintiff is presently unfamiliar with the actions identified below by Defendant and unaware of any other actions related to the instant case.

SMRH:4928-9675-0750.2

-10-

### B.    Defendant's Position

*Viviana Mejia v. Dick's Sporting Goods, Inc*., United States District Court for the Central District of California, Case No. 2:25-cv-11645-JFW-MAAx, alleging the same or similar PAGA violations on behalf of other allegedly aggrieved employees.  On March 18, 2026, the court compelled the plaintiff's individual claims to arbitration, dismissed the class allegations from the plaintiff's complaint, and stayed the plaintiff's nonindividual PAGA claims pending arbitration.

*Tomas Melesio v. Dick's Sporting Goods, Inc.*, Superior Court for the County of San Bernadino Case No. CIVRS2600820, alleging the same or similar Labor Code violations as those asserted in this case on behalf of the same group of putative class members.

## XI.    RELIEF

### A.    Plaintiff's Position

At this early stage of the case, it is premature for Plaintiff to provide an estimate of damages. In order to make a fair and supportable estimate of damages, Plaintiff would need to review Defendant's applicable policies, obtain pay records and time records from Defendant for expert analysis, and receive the class statistics, which includes, among other things, the number of putative class members in each class and the number of weeks worked by the putative class members during the class period.

### B.    Defendant's Position

Defendant denies that Plaintiff is entitled to any damages.

## XII.    SETTLEMENT AND ADR

### A.    Plaintiffs' Position

Counsel for the Parties filed ADR certifications in compliance with ADR L.R. 3.  Plaintiff is amenable to early private mediation.

### B.    Defendant's Position

Defendant contends that Plaintiff's claims are subject to binding individual arbitration pursuant to an enforceable arbitration agreement signed by Plaintiff.  Defendant intends to file a motion to compel individual arbitration of Plaintiff's claims.  Defendant contends that it is premature to discuss settlement.

SMRH:4928-9675-0750.2

## XIII.  OTHER REFERENCES

Plaintiff does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Defendant intends to file a motion to compel individual arbitration.

## XIV.  NARROWING OF ISSUES

### A.    Plaintiff's Position

Class certification will be consequential to the resolution of this case, but it does not appear that this issue can be expedited.

### B.    Defendant's Position

It is premature at this time to determine narrowing any issues, until the Court has determined the threshold issue of arbitration.

## XV.  SCHEDULING

### A.    Plaintiff's Position

In the event this matter proceeds in Court, Plaintiff proposes the following scheduling dates:

| Event | Plaintiff's Proposed Date |
|---|---|
| Hearing on Motion for Class Cert. | September 30, 2027 |
| Non-Expert Discovery Cutoff | November 4, 2027 |
| Expert Disclosure | November 18, 2027 |
| Rebuttal Expert Disclosures | December 2, 2027 |
| Expert Discovery Cutoff | December 2, 2027 |
| Last Day To Hear Dispositive Motions | December 16, 2027 |
| Pretrial Conference Hearing | March 8, 2028 |
| Trial | March 20, 2028 |

### B.    Defendant's Position

Defendant contends that scheduling dates should not be determined until after its motion to compel arbitration is decided.

## XVI.  TRIAL

### A.    Plaintiff's Position

Plaintiff requests that the case be tried by a jury and estimates the trial duration to be

approximately 7-10 days.

## B.     Defendant's Position

Plaintiff's claims should not be tried because the claims are subject to an enforceable agreement to arbitrate. Defendant intends to file a motion to compel individual arbitration of Plaintiff's claims.

If the case were to proceed as a class action, Defendant anticipates a 20-25 day trial if this case is certified, and 2 days of trial if this case proceeds individually.

## XVII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have all filed a Certification of Interested Entities or Persons. All Parties indicated that there is no conflict or interest (other than the named parties) to report.

## XVIII. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.   OTHER MATTERS

Besides the foregoing, the Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Dated: April 15, 2026

**BLACKSTONE LAW, APC**

/s/ Noam Y. Reiffman

By: _____

Karen I. Gold
Sara Pezeshkpour
Noam Y. Reiffman
Marissa A. Mayhood

*Attorneys for Plaintiff TONY RAMIREZ, individually, and on behalf of other similarly situated employees, and Aggrieved Employees pursuant to the California Private Attorneys General Act*

SMRH:4928-9675-0750.2

-13-

Dated: April 15, 2026

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:    /s/ Tatum Novitzky
_____
Paul S. Cowie
Amanda E. Beckwith
Tatum Novitzky

*Attorneys for Defendant DICK'S SPORTING GOODS, INC.*

SMRH:4928-9675-0750.2

-2-

## <u>PROOF OF SERVICE</u>

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 8383 Wilshire Blvd, Suite 745, Beverly Hills, California 90211. On April 15, 2026, I served a copy of the following document(s):

### JOINT CASE MANAGEMENT STATEMENT

on the interested parties as follows:

Paul s. Cowie, Cal Bar No. 250131           Attorneys for Defendant DICK'S
pcowie@sheppardmullin.com                   SPORTING GOODS, INC.
Amanda E. Beckwith, Cal Bar No. 312967
abeckwith@sheppardmullin.com
Tatum Novitzky, Cal Bar No. 359569
tnovitzky@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947

☒    **BY CM/ECF (E-Service):** I hereby certify that this document was served via the Court's CM/ECF system by filing it electronically, which triggered Notice of Electronic Filing (NEF) to all registered CM/ECF users at their email addresses of record listed herein.

☒    **FEDERAL** – I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is    true and correct.

Executed on April 15, 2026 at Los Angles, California.

_____
Karen Arellano

---

**Proof of Service**